VANDAM CHARLTON CORPORATION, DISSOLVED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 103925. Promulgated September 19, 1941.

*Harry Geist*, *C. P. A.*, for the petitioner.
*Harold D. Thomas*, *Esq.*, for the respondent.

OPINION.

DISNEY: The income tax return of the petitioner, a corporation dissolved under the laws of New York on October 27, 1936, for the year ended February 28, 1937, the taxable year, was filed with the collector of internal revenue for the third district of New York

on May 15, 1937. The first page of the return bore a notation reading as follows: "Final Return, Corporation Dissolved." The word "dissolved" appears on page 4 of the return in answer to a question concerning the nature of petitioner's business. In a document entitled "Statement of Facts", attached to the return, appears the following statement:

The attention of the Commissioner is further called to the fact that this corporation has been legally dissolved and it asks that an immediate examination of this return be made by the Treasury Department.

On July 24, 1940, a 30-day letter was mailed to Ira Streusand, former president of petitioner, attached to which was a statement showing that there had been added to the income reported by him for the calendar year 1936 the amount of $65,664.37 as a dividend received from petitioner. The deficiency notice forming the basis for this proceeding was mailed to petitioner on April 30, 1940. It makes no reference to the alleged dividends paid to Ira Streusand.

The return filed by petitioner for the taxable year reported gross income of $26,961.24 from rents and claimed deductions of $14,885.33, leaving net income of $12,075.91 from operations. It also showed profit of $166,137.53 from sales of leases under one method of computation and gain of $49,683.90 under a different method of computation. The respondent determined deficiencies of $45,858.43 in income tax and $12,855.45 in excess profits tax against petitioner for the fiscal year ended February 28, 1937. In determining the deficiencies, respondent held that taxable gain of $94,968.95 was realized from the sale. At the hearing the parties stipulated that the correct taxable profit on the sale was $85,617.83.

The petitioner alleges that it made at the proper time a written request under section 275 (b) of the Revenue Act of 1936,[1] for assessment of its tax liability within a period of eighteen months and, as respondent failed to determine the deficiencies within the short period, assessment is barred by the statute of limitations. The period of eighteen months for assessment provided for in section 275 (b) is an exception to the general rule requiring assessment within three

---

[1] SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION.

\* \* \* \* \* \* \*

(b) REQUEST FOR PROMPT ASSESSMENT.—In the case of income received during the lifetime of a decedent, or by his estate during the period of administration, or by a corporation, the tax shall be assessed, and any proceeding in court without assessment for the collection of such tax shall be begun, within eighteen months after written request therefor (filed after the return is made) by the executor, administrator, or other fiduciary representing the estate of such decedent, or by the corporation, but not after the expiration of three years after the return was filed. This subsection shall not apply in the case of a corporation unless—

(1) Such written request notifies the Commissioner that the corporation contemplates dissolution at or before the expiration of such 18 months' period; and

(2) The dissolution is in good faith begun before the expiration of such 18 months' period; and

(3) The dissolution is completed.

years. The provision not only requires a strict construction, but there must be "meticulous compliance" on the part of the taxpayer with its conditions. See cases cited in *Puget Sound National Bank of Tacoma. Washington et al., Trustees,* 36 B. T. A. 386. We have said that the request for assessment must meet all of the statutory requirements and "be sufficiently clear to put the Commissioner on notice of such intention." *Mary Lee Winger, Executrix,* 30 B. T. A. 357.

The request was in writing and made at a time required by the statute. *Maffitt* v. *Becker,* 65 Fed. (2d) 880. There is authority for holding that a written request is good, even though made after the corporation has dissolved. *White* v. *United States* (Ct. Cls.), 22 Fed. Supp. 821. The request relied upon by petitioner first refers to legal dissolution and then requests an "immediate examination" of the return. A mere statement on the face of the return that the corporation had dissolved is not enough. *California Brewing Association,* 43 B. T. A. 721.

The items of income and deductions of the petitioner for the taxable year appear in schedules attached to the return, to which reference was made on page 2 of the return. There was also attached to the return a document consisting of eight pages headed "Statement of Facts." The statement of facts relates to the proper basis for two leases acquired by petitioner at the time of its organization and sold during the taxable year, and was made in connection with two computations of the profit on the sale, each on a different basis. The request of petitioner for an examination of its return appears at the close of the statement.

Section 275 (b), *supra,* is not mentioned in the request of the petitioner; neither is the word "assessment" employed. Examination of a return and assessment of income tax liability are separate and distinct operations in the administration of the revenue laws. Our attention has not been called to any statute, and we know of none, requiring examination of returns before assessment. The Commissioner may rely upon the return as rendered and assess without an audit or examination thereof.

The case of *Beverly Wall Paper Co.* v. *Commissioner,* 98 Fed. (2d) 211, reversing 36 B. T. A. 353, does not help petitioner. There the Commissioner admitted in a communication that the request was made to obtain the benefits of the statute. We do not think the request made herein complies with the statute. It follows that assessment of the deficiencies is not barred by the statute of limitations.

The deficiency in income tax includes surtax on undistributed net income of $123,792.31. In an amended petition filed at the hearing over objections of the respondent, the petitioner alleges in effect that the amount of undistributed income of petitioner should be reduced by $65,664.37, an amount representing a proposed addition to the

162

income of Ira Streusand as dividends received from petitioner during the calendar year 1936.

Petitioner does not allege in its petition or contend upon brief that the amount was paid out as a dividend. Its argument is that if Streusand received the dividend, petitioner must have paid it, and as both determinations of the Commissioner can not be presumptively correct, respondent had the burden of proving that none of the earnings of petitioner were distributed. We see no merit in the contention being made by the petitioner. The letter of July 24, 1940, is merely a notice from the internal revenue agent in charge disclosing the result of a preliminary audit of Streusand's return for 1936 and does not constitute a final determination of tax liability by the Commissioner. No conclusions reached therein are binding upon the Commissioner, and it does not have the standing of a determination of the Commissioner. In fact, at the hearing, counsel for petitioner admitted that the protest filed by Streusand as the result of the letter of July 24, 1940, had not been finally acted upon, and that Streusand "will not swear that he received that dividend." Petitioner made no attempt at the hearing to prove by testimony or other evidence that it paid the dividend or that Streusand received it, although Streusand testified as a witness for it. Respondent is sustained on this issue.

*Decision will be entered under Rule 50.*